**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **LISA THOMPSON**, | ) | |
| | ) | |
| *Plaintiff*, | ) | **CIVIL ACTION NO.: 24-01347** |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | **JUDGE: GREG G. GUIDRY** |
| | ) | |
| **WESTINGHOUSE ELECTRIC** | ) | **MAGISTRATE: MICHAEL B.** |
| **COMPANY, LLC,** | ) | **NORTH** |
| | ) | |
| *Defendant.* | ) | |

**ORDER AND REASONS**

Having considered the Objection to the Magistrate Judge's Order (R. Doc. 63), and Defendant's response thereto (R. Doc. 67);

IT IS ORDERED that the Motion is DENIED. The Magistrate Judge determined that Plaintiff's Motion to Compel was untimely (R. Doc. 53), and, on motion for reconsideration, the Magistrate Judge reiterated its initial determination and also found that the document labeled as WESTINGHOUSE_000270 was privileged, such that the claw back request was proper. (R. Doc. 62). Applying a clearly erroneous standard of review of a non-dispositive, pretrial motion, such as a motion to compel, the Court finds no clear error in the Magistrate Judge's ruling. *See* Fed. R. Civ. P. 72(a); *Castillo v. Frank*, 70 F.3d 382 (5th Cir. 1995). The Court finds no merit to Plaintiff's argument that Defendant waived its right to assert privilege over the attorney-client work product when it inadvertently produced the document.

New Orleans, Louisiana, this __30th__ day of _____March_____, 2026.

_____
JUDGE GREG GERARD GUIDRY
UNITED STATES DISTRICT COURT JUDGE